87 F.3d 1322
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronnie SIMMONS, Plaintiff-Appellant,
v.
Mark W. VANTREASE, a Washington resident; Frito Lay, Inc.,
a Delaware corporation, with principal place of
business in Texas, Defendants-Appellees.
 No. 95-35301.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1996.*
Decided June 11, 1996.
 
 Before: LAY,** CHOY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Ronnie Simmons ("Simmons"), plaintiff-appellant, appeals from the district court's dismissal of his complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(6), arguing that the court erred in concluding that all of his state law claims against Vantrease and Frito-Lay Inc. ("Frito-Lay") were preempted by federal labor law. We affirm.
 
 
 3
 Simmons' claim for wrongful discharge is founded on alleged retaliation by the company for his union activities. This is precisely the type of action prohibited, and therefore preempted by § 8 of the National Labor Relations Act, codified at 29 U.S.C. § 158. See San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 247 (1959); Bud Antle, Inc. v. Barbosa, 45 F.3d 1261, 1268 (9th Cir.1994).
 
 
 4
 Simmons' claim for outrage asserts, in essence, that Frito-Lay inflicted severe emotional distress by terminating him unfairly. This claim requires application and interpretation of Article 7 of the collective bargaining agreement ("CBA") in order to determine whether the termination process was violated and, if so, whether it constituted outrageous conduct on the part of Frito-Lay. This claim is preempted by § 301 of the Labor Management Relations Act ("LMRA"). 29 U.S.C. § 185. See Cook v. Lindsay Oliver Growers, 911 F.2d 333 (9th Cir.1990).
 
 
 5
 Finally, Simmons alleges that Frito-Lay defamed him because it provided him with written notice of termination, forwarded that notice to the Union, and inserted the notice into his personnel file. In view of the limitation of the allegedly defamatory acts to a single notice to the Union, Simmons' representative, and its inclusion in the company's own personnel file, this claim is preempted by § 301 of the LMRA. The question of whether these isolated acts constitute publication or were privileged as part of the discharge and disciplinary procedure governed by Article 7 would inevitably require interpretation of the CBA between the Union and Frito-Lay.
 
 
 6
 The district court did not err in dismissing Simmons' action. Contract Servs. Network, Inc. v. Aubry, 62 F.3d 294, 299 (9th Cir.1995).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3